■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ROCHE, Also Known as ANGELO ROCHE, Also Known as ANGEL ROCHA, Appellant.—Judgment of resentence, Supreme Court, New York County (Leslie Snyder, J.), rendered on October 31, 1986, unanimously affirmed. Appellant's motion to enlarge the record is granted. No opinion. Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.

(January 31, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SYDNOR, Appellant.—Judgment of the Supreme Court, New York County (Franklin Weissberg, J.), rendered March 5, 1987, which convicted defendant, upon his plea of guilty, of attempted robbery in the first degree, sentenced defendant to a prison term of 1½ to 4½ years, and imposed a $100 surcharge, unanimously modified, on the law, facts and as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and, except as modified, affirmed.

While indicating that he did not wish to impose the "mandatory" $100 surcharge prescribed by Penal Law § 60.35 for one convicted of a felony, the sentencing court was apparently under the impression, shared by counsel, that the surcharge could not be waived. However, CPL 420.35 expressly authorizes waiver of the surcharge "where, because of the indigency of the offender, the payment of said surcharge would work an unreasonable hardship on the person convicted or his or her immediate family." In a case such as this one where the sentencing court clearly indicated that he would have waived the surcharge had he known he possessed the discretion to do so, and where it appears that the defendant is indeed indigent, we think and the People concede, that no purpose would be served by a remand. Accordingly, we vacate the surcharge. Concur—Murphy, P. J., Kupferman, Carro, Rosenberger and Smith, JJ.